FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:20-CV-03142-JAG <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 19, 21. Attorney D. James Tree represents Michael S. (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on April 12, 2013, alleging disability beginning February 1, 2013 due to seizures, numbness in both hands, and left shoulder pain. Tr. 117. The application was denied initially and upon reconsideration. Tr. 172-80, 184-89. Administrative Law Judge (ALJ) M.J. Adams held a hearing on October 15, 2015, Tr. 41-61, and issued an unfavorable decision on November 27, 2015. Tr. 144-57. Plaintiff requested review by the Appeals Council and the Appeals Council remanded the claim on April 18, 2017, based on new and material evidence. Tr. 166-67.

ALJ Adams held a remand hearing on June 11, 2019, Tr. 62-115, and issued a second unfavorable decision on July 2, 2019. Tr. 15-33. Plaintiff requested review by the Appeals Council and on July 16, 2020 the Appeals Council denied the request for review. Tr. 1-5. The ALJ's July 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 11, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1988 and was 24 years old when he filed his application. Tr. 32. He has his GED and has a minimal work history. Tr. 47-51, 87-89, 91-94, 324, 343. He has a congenital deformity of his neck, known as Klippel-Feil Syndrome, with a number of the vertebrae in his cervical spine being fused together. Tr. 69. At his hearing he testified he was unable to work due to his physical condition, seizures, and mental health impairments. Tr. 102-08.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an

adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

### ADMINISTRATIVE FINDINGS

On July 2, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-33.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the spine (Klippel-Feil cervical deformity) and seizure disorder. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22-23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light exertional work with some exceptions:

> The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently, and can stand and/or walk, and sit, for about six hours in an eight-hour day with normal breaks. He can push and pull, including the operation of hand and foot controls, without limitation other than shown for the lift and carry limitations. He cannot climb ladders, ropes, or scaffolds, can frequently crouch and crawl, and can balance, stoop, kneel, and climb ramps and stairs without limitation. The claimant must avoid even moderate exposure to hazardous machinery and working at unprotected heights.

Tr. 23-24.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 32.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and

RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of mail room clerk, cafe attendant, and storage facility rental clerk. Tr. 33.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date through the date of the decision. Tr. 33.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) denying the claim despite issuing an RFC consistent with disability; (2) improperly assessing the Listings; (3) improperly rejecting Plaintiff's symptom testimony; and (4) not properly assessing the medical opinions.

**DISCUSSION**

**1.     The RFC**

Plaintiff argues the RFC is consistent with disability, due to limiting Plaintiff to a combined total of six hours of standing, walking and sitting. ECF No. 19 at 4. The Court finds this argument unavailing. The hypothetical posed to the vocational expert indicates the ALJ meant six hours of sitting and six hours of standing or walking. Tr. 110. This is further reflected in the ALJ's reference to the regulatory definition of light work and the punctuation used in the decision. Tr. 23. The RFC does not limit Plaintiff to less than an eight-hour workday.

**2.     Listing 14.09C**

Plaintiff argues the ALJ erred in his analysis of Plaintiff's impairments in relation to Listing 14.09 for inflammatory arthritis. ECF No. 19 at 4-10.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in

Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Listing 14.09 addresses inflammatory arthritis, with section C relating to ankylosing spondylitis or other spondyloarthropathies, requiring a showing of:

> 1. Ankylosis (fixation) of the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 45° or more of flexion from the vertical position (zero degrees); or
>
> 2. Ankylosis (fixation) of the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 30° or more of flexion (but less than 45°) measured from the vertical position (zero degrees), and involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity.

20 C.F.R. Part 404, Subpart P, Appendix 1, section 14.09C ("Listing 14.09C").

The ALJ found Plaintiff's conditions did not meet or equal this listing because the record did not document a diagnosis of ankylosing spondylitis or other spondyloarthropathies. Tr. 23. He went on to discuss the opinions from Dr. Rox Burkett and Dr. Eric Schmitter, offering multiple reasons for discounting Dr. Burkett's opinion that the listing was met or equaled, and noting Dr. Schmitter's testimony that Dr. Burkett was confusing Plaintiff's congenital abnormality with Listing 14.09 autoimmune diseases. *Id.*

Plaintiff argues the ALJ erred by only discussing the various opinions and failing to offer his own discussion of the objective evidence as it related to the elements of the listing. ECF No. 19 at 6. Plaintiff further asserts the ALJ's

discussion of the opinions was flawed and that the record indicates Plaintiff's condition equals the listing based on the imaging and other functional limitations documented in the record. *Id.* at 4-10. Defendant argues the ALJ reasonably found the listing was not met or equaled and that his analysis of the record and the medical opinions is supported by substantial evidence. ECF No. 21 at 11-14.

The Court finds the ALJ did not err. As noted above, Listing 14.09C relates to ankylosing spondylitis caused by inflammatory arthritis. Plaintiff does not have inflammatory arthritis or other autoimmune diseases; he has a congenital deformity of his neck, which is an orthopedic condition. Tr. 80-81. As the medical expert testified, Listing 14.09 is not applicable to Plaintiff's condition. Tr. 75-76.

At the hearing and in briefing, Plaintiff asserts his condition is functionally equivalent to Listing 14.09C, relying on the evidence provided by Dr. Burkett. ECF No. 19 at 4-10; Tr. 75-82. However, as the ALJ noted, Dr. Burkett's opinion contained numerous errors, chiefly that his citation of Listing-equivalent language did not appear in the record. Tr. 23. Dr. Burkett stated "The MRI finding on 27F/23 is the most important single piece of evidence to support the claimant's case. It reads: **'There is dextroconvex scoliosic pathology with the apex at C3 showing 43 degrees of fixation. C1-2, C2-3 and C4-5 are totally fused with again 43 degrees of fixation.'**" Tr. 1248 (emphasis in original). However, the imaging report does not contain this language. The record cited by Dr. Burkett at 27F/23 (Tr. 750) states: "There appears to be fusion at C1-2, as well as C2-3. C4 and C5 are fused. C7 appears to have a transitional appearance." Tr. 750.

Plaintiff argues the error in citation has little to do with the assessment of the listing because the record contains documentation of the required degree of fixation, just at a different point in the record. ECF No. 19 at 6-7. However, the cited imaging report also does not contain language matching Dr. Burkett's quote: "Again seen is the C3 hemivertebrae, Klippel-Feil deformity of C2-3 and C5-6, resulting in focal dextroconvex scoliosis with an apex at C3, measuring 43 degrees.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

C4-5 may also be fused." Tr. 727. Nowhere in the record does the imaging show Plaintiff has the necessary *fixation* to meet or equal Listing 14.09C. The cited 43-degree change relates to the scoliosis curve to Plaintiff's neck, not a fixation due to arthritis. The ALJ reasonably discussed this evidence in his evaluation of Dr. Burkett's opinion.

Furthermore, the Court takes note that Social Security Ruling 17-2p regarding medical equivalence specifically states that an adjudicator "is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment. Generally, a statement that the individual's impairment does not medically equal a listed impairment constitutes sufficient articulation for this finding." Social Security Ruling 17-2p.

The Court finds the ALJ reasonably discussed the relevant evidence and that his assessment is supported by substantial evidence, particularly the testimony of the medical expert at the hearing. The ALJ did not err in finding Plaintiff's conditions did not meet or equal Listing 14.09.

**3.    Medical Opinion Evidence**

Plaintiff argues the ALJ erred in his assessment of the medical opinion evidence, specifically that of Dr. Burkett and ARNP Pierson. ECF No. 19 at 19-21.

*a.    Dr. Burkett*

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

Following the first unfavorable decision in 2015, Plaintiff submitted to the Appeals Council a report from Dr. Rox Burkett, who reviewed the entire file at the time and issued an opinion stating Plaintiff's conditions equaled Listing 14.09C and that Plaintiff was limited to a less-than-sedentary RFC. Tr. 1248-50.

The ALJ gave this opinion very little weight with respect to the RFC and no weight regarding the listing. Tr. 23, 30. He noted multiple errors in Dr. Burkett's opinion, including the incorrect imaging citations discussed above, Dr. Burkett's incorrect inferences about the progression of Plaintiff's condition and the need for surgery, and his summary of Plaintiff's subjective complaints rather than objective evidence. Tr. 23. The ALJ further noted Dr. Burkett's unexplained equating of Plaintiff's Klippel-Feil syndrome with ankylosing spondylitis and found the overall opinion to be inconsistent with the minimal physical exam findings throughout the record. Tr. 30.

Plaintiff argues the ALJ's assertion of errors in Dr. Burkett's opinion had little or nothing to do with the accuracy of his opinion, as the evidence supported finding Plaintiff's condition equivalent to Listing 14.09C, and further asserts that the ALJ accorded undue weight to the medical expert, Dr. Schmitter, due to his inaccurate testimony and lack of familiarity with the Listings. ECF No. 19 at 7-9. Defendant argues the ALJ reasonably pointed to inconsistencies in the opinion and evidence that contradicted Dr. Burkett, and reasonably assigned the opinion little weight. ECF No. 21 at 14-16.

The Court finds the ALJ did not err. As discussed above, the ALJ reasonably rejected Dr. Burkett's opinion as it related to the Listings. The Court further finds that the other inconsistencies identified by the ALJ, such as the record not containing any evidence of surgery being recommended and Dr. Burkett's unexplained equating of Plaintiff's congenital condition to autoimmune conditions, reasonably undermine his opinion. The ALJ's analysis is supported by the medical expert's testimony, which constitutes substantial evidence.

  **b.** ***ARNP Pierson***

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

  In 2013, ARNP Rebekah Pierson completed a DSHS WorkFirst disability documentation form for Plaintiff, in which she opined Plaintiff was not able to lift or do fine motor skills for more than a few minutes, and that standing or sitting for more than 15-30 minutes caused numbness in his feet. Tr. 551. She stated he was severely limited, unable to perform even sedentary work, and was unable to participate in any work or preparation for work. Tr. 551-52.

  The ALJ gave this opinion no weight, noting Ms. Pierson was not an acceptable medical source, and had only seen Plaintiff twice at the time she completed the form. Tr. 31. The ALJ further found the related chart notes did not document any abnormal findings, which indicated the form was based on Plaintiff's subjective complaints. *Id.*

  Plaintiff argues the ALJ erred, asserting Ms. Pierson took over treatment at a clinic where Plaintiff had been treated previously by Dr. Griffith, whose treatment notes documented objective findings supportive of the opinion. ECF No. 19 at 20-21. He further argues the ALJ had no basis for assuming the opinion was more based on subjective reports than objective findings and Ms. Pierson's professional assessments, and argues that the opinion is consistent with the record as a whole. *Id.* Defendant argues the length of the treatment relationship and the lack of support from Ms. Pierson's treatment notes were both germane reasons for the ALJ to discount her opinion, and asserts there is no evidence that Ms. Pierson reviewed Dr. Griffith's treatment notes, which were from more than a year prior to Ms. Pierson's opinion and the relevant period for Plaintiff's disability claim. ECF No. 21 at 16-18.

  The Court finds the ALJ did not err. Supportability from and consistency with the record, and the nature and length of the treatment relationship are all relevant factors for an ALJ to consider in assessing the reliability of a medical opinion. 20 C.F.R. § 416. 927(c). The ALJ reasonably read the record as lacking in objective support from Ms. Pierson's only two meetings with Plaintiff. Tr. 719-22.

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

1   Plaintiff cites to no evidence to support his assertion that Ms. Pierson would have
2   reviewed Dr. Griffith's treatment records, and indeed her records indicate that
3   Plaintiff was a "new patient" as of his April 8, 2013 appointment. Tr. 721. The
4   ALJ's analysis is supported by substantial evidence and meets the "germane"
5   standard for a non-acceptable medical source.

### 4. Plaintiff's Symptom Statements

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 19 at 10-19.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25. Specifically, the ALJ found Plaintiff's subjective complaints were inconsistent with his statements to treating providers (including evidence of drug-seeking), undermined by minimal physical exam findings and mild objective findings, inconsistent with the lack of observations of distress or discomfort, and inconsistent with Plaintiff's activities. Tr. 25-29.

Plaintiff argues he did not make inconsistent statements to his providers and the amount of pain he was in explains his attempts to obtain pain medication. ECF No. 19 at 11-15. He further argues the ALJ erred in finding the record did not contain objective evidence supportive of his claims and asserts the activities the

ALJ identified were brief or not well-documented so as to demonstrate any inconsistency. *Id.* at 16-19. Defendant argues the ALJ reasonably found Plaintiff's statements to be inconsistent with the record and his activities, and that the record demonstrated evidence of exaggeration to obtain narcotics. ECF No. 21 at 3-11.

The Court finds the ALJ offered clear and convincing reasons for discounting Plaintiff's subjective complaints. An ALJ may discount a claimant's testimony about pain where there is evidence of drug-seeking behavior. *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020). While Plaintiff offers an alternative interpretation of the evidence, the Court finds the ALJ's interpretation is reasonable and supported by substantial evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) ("If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner."). The ALJ pointed to evidence from multiple providers that Plaintiff was suspected of engaging in drug-seeking behavior, particularly given the largely normal exam findings. Tr. 25-26.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). The ALJ noted specific inconsistencies, such as Plaintiff's allegations regarding surgery contrasted with evidence that surgery was not recommended, and inconsistencies about his seizures. Tr. 25, 27. While such inconsistencies do not necessarily demonstrate an intent to deceive, they do undermine the reliability of Plaintiff's reports.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ pointed to evidence in the record demonstrating normal exam findings that undermined Plaintiff's allegations

of debilitating pain. While Plaintiff points to other evidence that he argues supports his allegations, the issue is whether substantial evidence supports the ALJ's finding. The Court finds the ALJ's interpretation is reasonable and supported by substantial evidence.

While some of the ALJ's rationale may not be supported, any error was harmless as the ALJ offered sufficient clear and convincing reasons for findings Plaintiff's subjective statements to not be reliable. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1160, 1163 (9th Cir. 2008) (upholding adverse credibility finding where ALJ provided four reasons to discredit claimant, two of which were invalid).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 30, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE